IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| SCOTT JAMES SHRADER ) | Case Number: 10-41701 |
| ) | |
| DEBTOR ) | |

| | |
|---|---|
| JAMES HICKS AND BRENDA HICKS ) | |
| ) | |
| PLAINTIFFS ) | |
| ) Adversary Proceeding No. _____ | |
| VS. ) | |
| ) | |
| SCOTT JAMES SHRADER ) | |
| ) | |
| DEFENDANT ) | |

## COMPLAINT

### COUNT ONE

1. This Court has jurisdiction of this adversary proceeding and the subject matter hereof under 28 U.S.C. § 1334, 28 U.S.C. §157, and under the orders of reference entered by the United States District Court for the Northern District of Alabama, as well as under other applicable law.

1. The subject matter of this adversary proceeding is a "core proceeding," as that term is described in 28 U.S.C. §157. If a determination is made in this action that the proceedings involve non-core matters, Plaintiffs consent to the entry of final orders or judgments by the Bankruptcy Judge.

3. Scott James Shrader, the Defendant herein, did file a petiiton for relief under the provisions of Chapter 7 of the United States Bankruptcy Court on or about the 15th day of June, 2010, in the U.S. Bankruptcy Court for the Northern District of Alabama, Eastern Division. The

action being "In re: Scott James Shrader, Case Number: 10-41701," which said case is the case to which this adversary proceeding relates.

4. Plaintiffs are residents of DeKalb County, Alabama and submit to the jurisdiction of this Court.

5. The Defendant resides in the jurisdiction and/or otherwise is subject to the personal jurisdiction of this Court.

6. On or about August 11, 2009, Plaintiff and Scott James Shrader and ABC Homes, L.L.C. ("ABC Homes") entered into a contract whereby Plaintiffs agreed to purchase for $198,500.00 a house and Defendant agreed to construct it.

7. Pursuant to said contract "If the [Plaintiffs] or the [Scott Shrader and ABC Homes] shall default on the contract, the non-defaulting party may declare the contract is in default and proceed against the defaulting party for the recovery of all damages incurred as a result of said breach of contract, including a reasonable attorney's fee. In the case of a defaulting [Plaintiff], the Earnest money herein mentioned shall be applied to the legally ascertained damages.

8. On September 28, 2009, Plaintiffs paid to ABC Homes the sum of $9,700.00. Thereafter, pursuant to change orders and progress payments Plaintiffs paid to ABC Homes in excess of $160,000.00.

9. Defendant embezzled or stole money from ABC Homes belonging to Plaintiffs.

10. The damages caused to Plaintiffs by Defendant Scott James Shrader were the result of the embezzlement or larceny.

11. As a consequence of the embezzlement and/or larceny of the Defendant Scott James Shrader, Plaintiffs hold claims against the said Defendant for their damages, which said claims are nondischargeable under the provision of 11 U.S.C. §523(a)(4).

WHEREFORE THESE PREMISES CONSIDERED, the Plaintiffs pray for an order of this Court granting the following relief:

A. Award the Plaintiff compensatory damages, interest, attorney fees, and punitive damages in excess of $160,000.00.

B. That the Court determine and declare Defendant Scott James Shrader's obligation to Plaintiffs be nondischargeable under the provisions of 11 U.S.C. §523(a)(4).

## COUNT TWO

12. Plaintiffs reallege the allegations in paragraphs 1-11.

13. Defendant represented to Plaintiffs that the $9,700.00 deposit and all prepaid change orders would be applied toward the work or specific change order.

14. The representations made by Defendant were false and Plaintiffs relied on these misrepresentations.

15. Defendant committed actual fraud.

16. As a consequence of the actual fraud of the Defendant Scott James Shrader, Plaintiffs hold claims against the said Defendant for their damages, which said claims are nondischargeable under the provisions of 11 U.S.C. §523(a)(2)(A).

WHEREFORE THESE PREMISES CONSIDERED, the Plaintiffs pray for an order of this Court granting the following relief:

A. Award compensatory damages, interest, attorney fees, and punitive damages in excess of $160,000.00.

B. That the Court determine and declare Defendant Scott James Shrader's obligation to Plaintiffs be nondischargeable under the provisions of 11 U.S.C. §523(a)(2)(A).

## COUNT THREE

17. Plaintiffs reallege the allegations in paragraphs 1-16.

18. Defendant further represented to Plaintiffs that all payments would be applied to the construction of their house.

19. Defendant instead used the funds to cover other construction projects.

20. These representations were false and Plaintiffs relied on these misrepresentations.

WHEREFORE THESE PREMISES CONSIDERED, the Plaintiffs pray for an order of this Court granting the following relief:

A. Award compensatory damages, interest, attorney fees, and punitive damages in excess of $160,000.00.

B. That the Court determine and declare Defendant Scott James Shrader's obligation to Plaintiffs be nondischargeable under the provisions of 11 U.S.C. §523(a)(2)(A).

## COUNT FOUR

21. Plaintiffs reallege the allegations in paragraphs 1-20.

22. Defendants breached said agreement by failing to complete the construction of the house, leaving a deficiency of over $60,000.00 needed to complete house.

23. Plaintiff claim a reasonable attorney's fee of Defendant pursuant to said agreement.

WHEREFORE, Plaintiffs demand judgment against Defendants in the sum of ($60,000.00), plus a reasonable attorney's fees, plus interest and costs.

## COUNT FIVE

24. Plaintiffs reallege the allegations in paragraphs 1-23.

25. Based on preliminary discovery, Plaintiffs have been able to identify at least four primary accounts used by Defendant and his family from 2008 until the filing date of the Chapter 7 bankruptcy on June 15, 2009; and from bank accounts used immediately after that date into which significant deposits were made.

26. Scott James Shrader operated under a number of business names.

27. Most or all of the business entities were operated out of the residence of Defendant.

28. Despite having paid in advance and with progress payments several consumers never received their houses.

29. In the Statement of Financial Affairs completed and signed under penalty of perjury, in answer to Question 1, the Defendant reported income as follows:

| Amount: | Source: |
| --- | --- |
| $14,142.00 | 2009: Husband Employment Income |
| $14,731.00 | 2008: Husband Employment Income |
| $ 8,763.00 | 2007: Husband Employment Income |

This is demonstrably false.

29. In the Statement of Financial Affairs completed and signed under penalty of perjury, in answer to Question 3b, List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case, the box is checked for none. This is demonstrably false.

30. In the Statement of Financial Affairs completed and signed under penalty of perjury, in answer to Question 7 Gifts to family, list all gift or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient, the box is check for none. This is demonstrably false.

31. In Schedule B - Personal Property completed and signed under penalty of perjury, the Defendant reported only one checking account at Compass Bank with $1,000.00. This is demonstrably false.

32. In Schedule B - Personal Property completed and signed under penalty of perjury, interests in incorporated or unincorporated businesses the Defendant checked none. This is demonstrably false.

33. Plaintiffs further aver that based upon the foregoing facts and others that will be developed in the course of discovery, the Debtor's actions are in contravention of the provisions of 11 U.S. C. §727(a)(2),(3), (4), (5), (6), or (7) and, therefore, constitute grounds to deny the Debtor's discharge.

WHEREFORE THESE PREMISES CONSIDERED, Plaintiffs pray:

A. That Defendants be required to answer in the time allowed by law;

B. That upon a hearing of this matter, the Court deny the discharge of the Debtor; and

C. That the Court grant such other relief as is just and proper.

/s/ Stephen P. Bussman
STEPHEN P. BUSSMAN
Attorney for Plaintiff
212 Alabama Avenue South
P.O. Box 680925
Fort Payne, AL 35968
(256) 845-7900

**PLAINTIFFS DEMAND TRIAL BY STRUCK JURY**

/s/ Stephen P. Bussman
STEPHEN P. BUSSMAN